IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG SCOTT,** | : | **CIVIL NO. 1:11-CV-0757** |
| Petitioner | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | |
| **U.S. ATTORNEY GENERAL** | : | **(Magistrate Judge Carlson)** |
| **ERIC HOLDER,** *et al.,* | : | |
| | : | |
| Respondents | : | |

# M E M O R A N D U M

On April 20, 2011, Petitioner Scott filed a habeas corpus action pursuant to 28 U.S.C. § 2241 in which he challenged the Bureau of Prisons' calculation of his various federal sentences. In essence, he claimed that the Bureau of Prisons' determination was not calculated pursuant to federal statutes and case law.

After referral of this matter to a magistrate judge and subsequent briefing, the magistrate judge filed a report in which he recommended that the petition be denied. This court adopted the report and recommendation on July 13, 2011 and closed the file.

On August 22, 2011, Scott filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking to vacate the July 13, 2011 order (doc. 17) and reopen the case. The basis for the motion is a document showing the sentence computation (doc. 17-2). On that document is a notation made by an assistant United States attorney in the sentencing district stating his concurrence of the calculation of Scott's sentence. There is language in the notation as follows: "as it represents most

accurately the intentions of the sentencing judge." (Doc. 17-2 at p. 5.) It is Scott's contention that this document and its notation constitutes evidence that the Bureau of Prisons, in computing his sentence, followed an unauthorized order contained in the Judgment and Commitment order rather than follow the Bureau of Prisons' Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

In its response, the Government thoroughly addressed the requirements that must be met to receive relief under Federal Rule of Civil Procedure 60(b). One who seeks such relief must demonstrate the existence of exceptional circumstances warranting relief. As the Government has noted, "Scott fails to explain how a notation by an assistant United States attorney concurring with the Bureau of Prisons' sentence computation time line could possibly demonstrate that any of his sentence computation is incorrect or illegal." (Brief in Opp. (doc. 19) at p. 5.)

In this court's memorandum and order dated September 26, 2011 (doc. 20), this court found that Scott had not shown how this evidence was material to the issues involved in his case; that the magistrate judge and this court had carefully reviewed the Bureau of Prisons' calculation and found them to be accurate; and that the "newly discovered evidence" had no effect on the decision to deny Scott's habeas petition. Therefore, the motion to vacate was denied.

On November 14, 2011, Scott filed a motion for relief from judgment under 28 U.S.C. § 60(b)(6). In essence, Scott is seeking a reconsideration of this court's order of September 26, 2011. A motion for reconsideration must be filed within 14 days of the entry of the order concerned. (*See* M.D.L.R. 7.10.) Thus, the motion is untimely. Furthermore, Scott has raised an issue different from the issue raised in his initial habeas motion.

In Scott's recent motion, he claims that "the bank robberies are merged into the continuous conspiracy as objective offenses. As such, there is only one on-going crime of violence and one 924(c) penalty." (Doc. 26 at p. 1.) While Scott cites two cases by name, no citations are provided so that the court can determine the import of those cases on his argument. In addition, his recent claim is an attack on the legality of his sentence. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. *Okereke v. United States*, 307 U.S. 117, 120 (ed Cir. 2002). The Third Circuit Court of Appeals has also held that Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case. *Robinson v. Sniezek*, 401 Fed. Appx. 645, 647 n.2 (3d Cir. Nov. 12, 2010).

An appropriate order will be issued.

s/Sylvia H. Rambo  
United States District Judge

Dated: November 16, 2011.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG SCOTT,** | : | **CIVIL NO. 1:11-CV-0757** |
| **Petitioner** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| **U.S. ATTORNEY GENERAL ERIC HOLDER,** *et al.*, | : | **(Magistrate Judge Carlson)** |
| **Respondents** | : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for relief from judgment (doc. 26) is **DENIED**.

s/Sylvia H. Rambo
United States District Judge

Dated: November 16, 2011.