IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRAIG SCOTT,** | **:**   CIVIL NO. 1:11-CV-0757 |
|     **Petitioner** | **:** |
|  | **:**   **(Judge Rambo)** |
|     v. | **:** |
|  | **:** |
| **U.S. ATTORNEY GENERAL** | **:**   **(Magistrate Judge Carlson)** |
| **ERIC HOLDER,** *et al.*, | **:** |
|  | **:** |
|     **Respondents** | **:** |

# M E M O R A N D U M

**I.**     **Background**

Before the court is Plaintiff's motion for recusal of the undersigned judge (doc. 39) and a motion for preliminary injunction (doc. 41). The recusal motion seeks the recusal of the undersigned from addressing the motion for preliminary injunction. On March 7, 2012, Plaintiff filed a notice of appeal which is currently pending before the United States Court of Appeals for the Third Circuit. The issues before the court of appeals do not preclude this court from addressing the two motions before this court.

**II.**    **Motion for Recusal**

The basis for this motion is an allegation by Plaintiff that this court has a "personal bias, prejudice and lost [sic] of impartiality . . . . and personal knowledge

of disputed evidentiary facts concerning the proceedings." (Doc. 39 at p. 1, ¶ 1.) The motion continues as follows:

> On November 14, 2011 plaintiff filed a motion under Rule 60(b) for reconsideration <u>in which judge claim not to know or recall the import of US v. Braverman</u> to the instant case involving conspiracy.
>
> On November 24, 2011 plaintiff wrote an ex parte letter giving cite and explaining import of Braverman on issue of conspiracy.
>
> On December 19, 2011 judge returned ex parte letter <u>continuing her claim that she was not aware of cite and import of Braverman case. She refused to consider it once numerical cite and import was provided</u>.

(Doc. 39 at p. 1 (emphasis added).)

On November 14, 2011, Scott filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 26). This court determined that this motion was a motion for reconsideration of this court's order of September 26, 2011. That motion was denied by memorandum and order dated November 16, 2011 (Doc. 27), which stated, in part, "While Scott cites two cases by name, no citations are provided so that the court can determine the import of those cases on his argument. (*Id.* at p. 3.)

In an ex parte letter dated November 24, 2011,[1] sent to the undersigned regarding the missing citations, Scott stated, "There is no legal argument or justification for this inexcusable oversight . . ." (referring to the absence of citations). (Doc. 40, Declaration in Sup. of mot. for recusal, attachment 2.) Scott recognizes the obligation of a litigant to properly use citations to cases, but nowhere in the court documents do the statements which Scott attributes to this court appear.

---

[1]This letter was returned to Scott as not being a proper pleading and also because it was *ex parte*. (*See* order dated December 15, 2011, Doc. 28.)

The allegations as to what the court is purported to have stated in any memorandum or order in disposing of various motions do not appear on the record. However, under § 144, the district judge must accept the allegations of the moving party as true.

Plaintiff's claims of bias and prejudice are legally insufficient to the extent that they are based on judicial rulings. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Litkey v. United States*, 510 U.S. 540, 555 (1994). "Disagreement with a judge's determinations and rulings cannot be equated with the showing required to reflect on impartiality as to require recusal." *In re TMI*, 193 F.3d 614, 728 (3d Cir. 1999). This court's memoranda and orders expressed no personal opinions, evidenced no antagonism, bias or partiality. Therefore, the motion for recusal will be denied.

### III.     Motion for Preliminary Injunction

The motion for preliminary injunction seeks to have the prison pay the filing fee for Scott's appeal from Scott's prison account. Communication from the prison to this court stating that the required fee will be paid makes this motion moot. In addition, by order dated May 23, 2012, Scott was given until May 31, 2012 to show cause why his motion for injunctive relief should not be dismissed as moot (Doc. 45). No response to that order has been received. Therefore, the motion will be denied as moot.

**IV.     Conclusion**

For the reasons stated above, the motion for recusal of the undersigned (Doc. 39) and motion for preliminary injunction (Doc. 41) will be denied. An appropriate order will be issued.


                                                        s/Sylvia H. Rambo
                                                        United States District Judge

Dated: June 12, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG SCOTT,** | : | **CIVIL NO. 1:11-CV-0757** |
| **Petitioner** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | |
| **U.S. ATTORNEY GENERAL ERIC HOLDER,** *et al.*, | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Respondents** | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion for recusal (Doc. 39) is **DENIED**.

2) The motion for injunctive relief (Doc. 41) is dismissed as moot.

3) The petition for writ of mandamus (doc. 46) is deemed moot.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: June 12, 2012.